UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GEORGES, | Civil Action No. 10-6300 |
| Petitioner, | |
| v. | OPINION |
| GREG BARTKOWSKI, et al., | |
| Respondents. | |

**CECCHI, District Judge**:

Presently before the Court is the Rule 60(b) motion filed by Petitioner Ashley Georges in February 2024 seeking to have the dismissal of his amended habeas petition vacated. ECF No. 80. Having considered that motion and the records of proceedings in this matter, Petitioner's motion shall be denied as untimely filed.

**I. BACKGROUND**

As this Court previously recounted the history of this matter in both the final opinion dismissing Petitioner's amended habeas petition (ECF No. 56) and in the opinion denying Petitioner's multiple Rule 59(e) motions (ECF No. 77), the Court will only briefly summarize the relevant history of this matter. In August 2019, this Court dismissed most of Petitioner's claims in his amended habeas petition as time barred and denied Petitioner's remaining claims. ECF Nos. 56-57. Petitioner thereafter filed a notice of appeal (ECF No. 71) and a number of post-judgment motions seeking reconsideration under Rule 59(e). *See* ECF Nos. 58, 61, 69, 70. In October 2021, after Petitioner's motions had been briefed, this Court denied those motions, finding that Petitioner had failed to present any valid basis to have this Court's decisions vacated, and specifically finding that Petitioner had failed to show that his time-barred claims should be tolled. ECF Nos. 77-78.

In January 2022, the Third Circuit denied Petitioner a certificate of appealability, expressly finding that Petitioner "failed to show that jurists of reason[] would debate the District Court's determination that his 28 U.S.C. § 2254 petition was untimely with respect to all claims save" the claims this Court addressed on the merits, and that jurists would not debate that this Court was correct in finding Petitioner's remaining claims meritless. ECF No. 79.

Over two years later, and more than four years after the dismissal of his amended habeas petition, Petitioner filed his current Rule 60(b) motion. ECF No. 80. Although Petitioner contends that his motion is based on newly discovered evidence and fraud on the Court, Petitioner's motion essentially rehashes the arguments he previously made in relation to the time-bar issue – i.e., that he should not be held responsible for the failure of his appointed attorneys to timely file a notice of appeal during PCR proceedings. *Id.*

## II. DISCUSSION

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). Although Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final

judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

### B. Analysis

Petitioner filed his Rule 60(b) motion in this matter in February 2024, over two years after he was denied a certificate of appealability by the Court of Appeals, nearly two and a half years after his Rule 59(e) motions were denied, and four and a half years after the order dismissing his claims that he wishes to have vacated was entered. All motions brought pursuant to Rule 60(b) must be filed "within a reasonable time" of the order they seek to vacate, and those motions based on mistakes, newly discovered evidence, or fraud must be filed "no more than a year after the entry of the judgment or order" being challenged. Fed. R. Civ. P. 60(c)(1); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022). Here, Petitioner explicitly asserts that his motion is based on newly discovered evidence and that this evidence shows the operations of the state public defender system are effectively a fraud on the court. To the extent that his claims are based on newly discovered evidence or a fraud on the Court, they are subject to the one-year limitations period on Rule 60(b) motions, and thus are untimely by well in excess of three years as they seek to challenge a judgment entered in August 2019.

Even were the Court to construe Petitioner's Rule 60(b) motion to not be based on newly discovered evidence or fraud, however, Petitioner's motion would still be untimely. Although a determination of reasonableness depends on the circumstances of the case and rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties," motions filed more than a year after

3

judgment is entered, even where not based on newly discovered evidence, mistake, or fraud, are generally considered untimely absent extraordinary circumstances which prevented an earlier filing. *See In Re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*, 383 F. App'x 242, 246 (3d Cir. 2010); *see also Gordon v. Monsoon*, 239 F. App'x 710, 713 (3d Cir. 2007); *Moolenaar*, 822 F.2d at 1348 (motion filed two years after judgment to be challenged was not made in a reasonable time and was thus untimely).

Petitioner's motion in this matter was filed two years after his appeal failed to bear fruit, and four and a half years after the judgment he seeks to challenge. Given that his motion is essentially a rehash of arguments he previously presented in his Rule 59(e) motions, and that Petitioner could have raised at least similar arguments before those motions were denied two years ago, this Court finds that Petitioner's considerable delay of several years before filing his current motion renders that motion untimely as it was not filed within a reasonable time of the judgment to be challenged, and Petitioner has not shown any extraordinary circumstances to warrant his multi-year delay in filing. Petitioner's Rule 60(b) motion is thus time barred.

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate that Petitioner's Rule 60(b) is untimely, Petitioner's motion is not "adequate to deserve encouragement to proceed further," and Petitioner is therefore denied a certificate of appealability as to the denial of his motion. *Miller-El*, 537 U.S. at 327.

### III.  CONCLUSION

For the reasons set forth above, Petitioner's Rule 60(b) motion is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

*/s/ Claire C. Cecchi*

Claire C. Cecchi, U.S.D.J.

Date:  September 20, 2024